## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 27, 2011

No. 10-50878
Summary Calendar

Lyle W. Cayce
Clerk

ENZIO A. POWELL, II,

Plaintiff-Appellant

v.

FRED CLARK; CATHY COMPTON; ERICK BOYDE,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:10-CV-349

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Enzio A. Powell, II, Texas prisoner # 1150991, requests authorization to proceed in forma pauperis (IFP) on appeal from the district court's judgment dismissing his 42 U.S.C. § 1983 complaint with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e). Powell alleged that the defendants–a state court judge, prosecutor, and appointed defense counsel–conspired to unconstitutionally obtain his guilty plea conviction for sexual assault. The district court dismissed the complaint as frivolous on grounds of, inter alia, judicial and prosecutorial

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50878

immunity, and because Powell's claims were barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The district court denied Powell's request for leave to proceed IFP on appeal, certifying that the appeal was not taken in good faith.

We construe Powell's motion to proceed IFP as a challenge to the district court's certification that the appeal is frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3). Our inquiry into Powell's good faith "is limited to whether the appeal involves legal points arguable on their merits." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Powell conclusionally asserts that the district court erred in finding that the defendants were entitled to immunity from his claims. He makes no mention of the district court's determination that his claims were barred under *Heck v. Humphrey*. Pro se briefs are afforded liberal construction. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Nevertheless, when an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed the decision. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Because Powell has failed to challenge any factual or legal aspect of the district court's disposition of the claims raised in his complaint or the certification that his appeal is not taken in good faith, he has abandoned the critical issue of his appeal. *See Brinkmann*, 813 F.2d at 748. Thus, the appeal lacks arguable merit. *See Howard*, 707 F.2d at 220.

Accordingly, Powell's IFP motion is DENIED, and the appeal is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2; *Baugh*, 117 F.3d at 202 n.24. The district court's dismissal of Powell's complaint and our dismissal of this appeal both count as strikes under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Powell is CAUTIONED that if he accumulates three strikes, he will not be allowed to proceed IFP in any civil

No. 10-50878

action or appeal filed while he is detained or incarcerated in any facility unless he is under imminent danger of serious physical injury.